Estate of Dodge: First National Bank of Madison, Executor, Plaintiff and Respondent, vs. City of Madison and another, Defendants and Respondents: Westwater and another, Appellants.

*June 6—June 26, 1957.*

For the appellants there was a brief and oral argument by *Roger Radue* of Madison.

For the respondent First National Bank of Madison there was a brief by *Bull, Biart & Piper* of Madison, concurred in by *Henry B. Buslee,* assistant city attorney, for the city of Madison, and by *Charlton H. James* of Dodgeville, for Elsie Ellingen, and oral argument by *Benjamin H. Bull.*

BROADFOOT, J.   The claimants contend that the testator felt a close tie to Mrs. Westwater during her lifetime; that at the time of her death he was suffering from his last illness

and was probably not aware that she had died; that the will as a whole showed that testator intended by his plan of distribution to provide for his whole stepfamily; and that the legacies should not lapse if sec. 238.13, Stats., is properly and liberally construed. That section of the statutes provides:

"When a devise or legacy shall be made to any child or other relation of the testator and the devisee or legatee shall die before the testator, leaving issue who shall survive the testator, such issue shall take the estate so given by the will in the same manner as the devisee or legatee would have done if he had survived the testator unless a different disposition shall be made or directed by the will."

That statute has been on the books without substantial change since 1849. According to the annotations it was first construed in *Cleaver v. Cleaver,* 39 Wis. 96. In that case the testator's wife predeceased the testator and it was held that a bequest made to her by the will lapsed although she left issue which survived the testator. It was there held that the word "relation" in the statute includes only relations by consanguinity. In that case the court said (p. 103):

"In the present peculiar case, the rule seems to work a hardship; but we must apply the general principle. In such circumstances as these, the natural feeling of the elder children should afford that protection to the younger, which courts cannot give without violation of judicial rule. And we can say of this case, as the court of Pennsylvania said of another: 'It is an unfortunate case, but the law is clear. The legacy lapsed by the death of the legatee in the life of the testator.' The statute 'does not reach the present case, and we are sorry for it.' "

Other states have different antilapse statutes that are more liberal than our own. In the states having a statute using the word "relation" or "relative" the courts have consistently held that those words apply to blood relatives. Anno. 115 A. L. R. 444. This court has stated that the section should be liberally construed, and when possible it has done so.

However, a liberal construction cannot change the clear meaning of the words used therein. That is a matter for the legislature, which has not seen fit to make any change therein.

No testimony in the record submitted to this court shows the state of health of the testator at the time of the death of his stepdaughter. To hold that he was probably not aware that she had died and that if it had been possible he would have drafted a new will preserving her legacy for her children would be based upon conjecture and speculation. Nor can we find in the will any expression of intent on the part of the testator that the claimants take their mother's legacy. The testator could have provided in the will itself that in case of Mrs. Westwater's predeceasing him the legacy should go to her children, if that was his intent. Upon the record submitted to us the decision of the trial court must be affirmed.

*By the Court.*—That part of the judgment appealed from is affirmed. No costs are allowed to either party, but the appellants are to pay the clerk's fees.